IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODGER T. ATWOOD,  :<br>  Petitioner         : | |
| : | No. 1:23-cv-00155 |
| v.        : | |
| : | (Judge Rambo) |
| L. BARRAZA,      :<br>  Respondent      : | |

## MEMORANDUM

Pending before the Court is pro se Petitioner Rodger T. Atwood ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). For the reasons set forth below, the petition will be dismissed without prejudice as moot.

I.   BACKGROUND

On January 30, 2023, while Petitioner was in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at Federal Correctional Institution Allenwood Medium in White Deer, Pennsylvania, he commenced the above-captioned action by filing his Section 2241 petition and supporting memorandum of law. (Doc. Nos. 1, 2.) Petitioner requests that the Court order the BOP to immediately place him in home confinement under the supervision of the United States Probation and Pretrial Services. (Doc. No. 1 at 2, 8; Doc. No. 2 at 3.)

Following initial administrative matters, the Court, on March 21, 2023, deemed the petition filed, directed service of the petition on Respondent, and

instructed Respondent to respond to the allegations contained in the petition within twenty (20) days. (Doc. No. 6.) After receiving an extension of time (Doc. Nos. 8, 9), Respondent filed a response on May 10, 2023, arguing that the Court should dismiss the petition because Petitioner failed to exhaust his administrative remedies before petitioning the Court for a writ of habeas corpus and, alternatively, because the petition is without merit. (Doc. No. 10.) As reflected by the Court's docket, Petitioner has not filed a reply or sought an extension of time in which to do so.

The Court has since reviewed the BOP's inmate locator, which reveals that Petitioner was released from federal custody on May 9, 2023. The BOP's inmate locator is available at the following website: https://www.bop.gov/inmateloc/. This website reflects that Petitioner, having a "Register Number" of "06143-067," was "Released On: 05/09/2023." See id.

## II. DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" See

id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).  Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  See id. (citing DeFoy, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction" see id. (citations omitted), or sentence, see Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009).  Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served."  See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences."  See Abreu, 971 F.3d at 406 (citing Burkey, 556 F.3d at 148).  Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'"  See id. (quoting Burkey, 556 F.3d at 148).  For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner'

3

amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey, 556 F.3d at 148).

Consistent with these principles, the Court finds that, while the instant petition is generally moot, as Petitioner was released from federal custody on May 9, 2023, Petitioner may still obtain judicial review of his federal sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. See id.  Here, however, Petitioner has not stated, much less demonstrated to the Court, that he suffers from any secondary or collateral consequences since being released from federal custody.  As a result, his petition is moot.

### III.  CONCLUSION

Accordingly, for the foregoing reasons, Petitioner's Section 2241 petition will be dismissed without prejudice as moot.  An appropriate Order follows.

Dated: June 6, 2023                                   s/ Sylvia H. Rambo
                                                                  SYLVIA H. RAMBO
                                                                  United States District Judge